# Reese v. Waller, et al.

*Petition for the Enforcement of a Decree by Issuance of Execution.*

(Decided Jan. 16, 1908. 45 South. 468.)

1. *Executions; Persons Entitled to Remedy; Assignment of Decree.* —A writen agreement by which one is entitled to one-half the proceeds of all suits instituted by him in the name of the other party to the agreement, is not such an assignment of a decree thereafter obtained in the name of such party, as is contemplated by section 1928, Code 1896.

[Reese v. Waller, et al.]

2. *Same; Leave of Court; Application; Denial.*—Where a petition asking for execution on a decree which petitioner claimed by assignment, discloses that another suit is pending involving petitioner's right to decree, such petition is properly denied; and while the court could have postponed said proceedings under such conditions until the determination of the suit involving petitioner's right to the decree, a dismissal of said petition will not be reversed.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. L. PARKS.

Petition by Warren S. Reese against W. R. Waller, as sheriff, and others. From a decree dismissing the petition, petitioner appeals. Affirmed.

J. M. CHILTON, and W. S. REESE, for appellant. The chancellor should have granted the execution if satisfied that Reese prima facie had control over the decree on which execution was sought to be issued.—*Smith v. Phillips*, 54 Ala. 8; s. c. 62 Ala. 575; *Bird v. Jones*, 84 Ala. 339; *Allen v. Draper*, 98 Ala. 590. Under the contract with Reese, he had a vested equitable interest in the decree and the Scotts cannot avail themselves of any irregularity that Mrs. Reeves herself could not take advantage of.—*Patton v. Wilson*, 34 Pa. St. 209. The agreement was not champertous.—*Vaughan v. Marable*, 64 Ala. 60, and if it was nobody but the client could take advantage of it.—*Ware v. Russell*, 70 Ala. 180.

E. J. PARSONS, for appellee. Reese is not a party to said suit nor in any way interested therein.—*May v. Courtnay*, 47 Ala. 185; *Miller v. Parker*, Id. 314. If Reese had any rights in the premises, it must be based upon the agreement between himself and the plaintiff executed on March 6, 1906.—*Higley v. White*, 102 Ala. 609. The stipulations in the agreement render it void as against public policy.—*N. C. S. R. R. Co. v. Ackley*, 171 Ill. 113; 15 Ohio 715; 21 Ia. 523; 4 Wall. 334; 25

Ia. 487; 70 N. W. 805; 5 L. R. A. (N. S.) 300. The decree was not assigned.——*Boogran's Case,* 3 L. R. A. (N. S.) 379.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancellor dismissing the petition of the appellant filed in the case of *Jettie Belle Reeves v. Thomas J. Scott et al.,* pending in the chancery court of Montgomery county. The purpose of the petition is the enforcement of a decree in the case of *Reeves v. Scott et al.* by the issuance of an execution. The petitioner bases his right to the relief asked upon the theory that said decree has been assigned to him, and that he has an equitable lien upon any money that may be collected on execution, and, furthermore, that he has the right, under a power of attorney given him by the plaintiff, the said Jettie Belle Reeves, to control and collect said decree. The contract under which the petitioner claims his interest in the decree is attached as an exhibit to the petition and made a part thereof, and likewise the power of attorney. The power of attorney was executed the 1st day of March, 1906, and the contract under which the petitioner claims was executed on the 6th day of March thereafter. So far as the record shows, the power of attorney was not coupled with consideration, as contended by counsel for appellant, and was therefore a revocable power. It is not pretended that the petitioner represented the said Reeves as attorney or otherwise in obtaining the decree against the Scotts. Whatever of right or interest the petitioner may have in said decree must be derived from his said contract with said Reeves. This contract for the consideration mentioned therein provides: "I hereby agree that said Reese shall be entitled to one-half of whatsoever proceeds that may be derived

[Reese v. Waller, et al.]

from any or all of the lawsuits or proceedings of any and all nature whatsoever he may institute in my name."

Manifestly there is in this no such assignment of the decree in question as would authorize the said Reese as assignee to take execution on the same in the name of the plaintiff.—Code, 1896, § 1928. Nor is the question of the petitioner's right as assignee to take execution on the decree in the name of the plaintiff relieved by the concluding provision in the contract, which relinquishes the plaintiff's right to interfere with the said decree.

But, aside from this, and pretermitting any consideration of the regularity of the proceeding, the petition on its face shows that there was and is already pending in said chancery court another proceeding involving the right of the petitioner in said decree. This was enough to justify the chancellor in denying the prayer of the petition, which was that "the register of this court may be required by order of your honor to issue another execution on said decree, and that the sheriff of Montgomery county be instructed to levy the same," etc. It is of no importance that the plaintiff in the other pending proceeding referred to in the petition before us failed to execute the injunction bond. The fact remained that the questions involved in such pending proceeding were still before the court and undetermined. In the exercise of the inherent power of the court to control its process, it would be premature and improvident to order the issuance and levy of an execution in accordance with the prayer of the petition, in advance of a hearing and determination of such other proceedings, wherein the claims of others to the decree in question are involved, and who are not parties to this petition. While the chancellor in his discretion might have postponed the

hearing of the petition referred to, yet we will not reverse his ruling for not having done so.

The decree appealed from will be affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.